Joseph A. PALMER, Guardian of Denton Sturdevant, Plaintiff-Appellant,

v.

Philip SCHNEIDER, Roger B. Wilson, Donald Dodd and Roger Stillings, Defendants-Appellees.

No. 79–3721.

United States Court of Appeals, Sixth Circuit.

Argued March 30, 1981.

Decided Feb. 4, 1983.

Darrell L. Heckman, Urbana, Ohio, for plaintiff-appellant.

Philip S. Schneider, Champaign County, Pros. Atty., Urbana, Ohio, for defendants-appellees.

Before WEICK* and BROWN, Senior Circuit Judges and NEWBLATT,** District Judge.

WEICK, Senior Circuit Judge.

Plaintiff-Appellant Joseph A. Palmer, Guardian of Denton Sturdevant, an incompetent, who was under indictment by the Grand Jury of Champaign County for first degree murder of his two minor daughters and has not yet been tried therefor because his incompetency to stand trial still exists, has appealed to this court from an order of the district court, entered after a bench hearing, dismissing his complaint filed under 42 U.S.C. § 1983 and 28 U.S.C. § 1343, which prayed for the following relief against the Defendants-Appellees, who are the Prosecuting Attorney, Common Pleas Judge, Probate Judge, and Sheriff, all of Champaign County, Ohio, all sued individually:

WHEREFORE, Plaintiff's respectfully pray that:

1. This Court adjudge the rights of the parties to the subject matter herein controversy, in order that such adjudication shall have the force of a final judgment.

2. That this Court enter a judgment declaring the said practices of Defendant's is a denial of his rights under the 6th, 8th, and 14th Amendments to the United States Constitution, and therefore void.

3. That this Court issue a permanent injunction forever restraining Defendant's and their successors in interest from ·the following:

a.) arresting or confining Mr. Sturdevant for the charges against him in Champaign County, Ohio Common Pleas Court, Case Number 77 R 50 or any other case arising out of the same indictments described in the indictments in Case Number 77 CR 50.

b.) Instituting civil commitment proceedings against Mr. Sturdevant without prior approval from this Court.

c.) Levying execution or attempting to collect costs in case numbers 77 CR 5 and 18 302—C.

4. That this Court issue a mandatory injunction requiring defendants Wilson and Schneider to enter a nolle prosequi with prejudice as to all counts in Champaign County Common Pleas Court, Case Number 77 CR 50 and a mandatory injunction against Defendant Dodd ordering case 18 302—C of the Champaign County Probate Court be dismissed.

5. Plaintiff's further pray for their costs herein and such other relief as may to the Court appear equitable and just.

## I

### The Facts

Sturdevant was first indicted in 1959 for the murder of his two minor daughters by the Grand Jury in the Common Pleas Court of Champaign County. In 1960, he was found incompetent to stand trial by the court and was transferred to Lima State Hospital for the Criminally Insane, where he remained for fifteen years. Thereafter, Lima State in 1975, prevailed upon the prosecuting attorney to nolle the indictment as the hospital was of the view that he would never be able to stand trial and that Allen County and the Lima Hospital would initiate commitment papers against him.

The civil commitment proceedings were conducted in Allen County, Ohio, and Sturdevant was transferred to Dayton State Hospital. On September 19, 1977, he voluntarily checked himself out and returned to Champaign County, Ohio. This caused commotion in the community and the present prosecutor Schneider obviously fearful of the consequences of an insane murderer being at large, presented the matter to another Grand Jury resulting in a

* Since the above appeal was heard on March 30, 1981, Circuit Judges Weick and Brown have become Senior Judges.

** Stewart A. Newblatt is a United States District Judge for the Eastern District of Michigan sitting by designation.

two count indictment against Sturdevant for murder in the first degree.

Sturdevant was arraigned on October 4, 1977, and then filed a motion to fix bail which was denied by the court under Rule 46(A) of the Ohio Rules of Criminal Procedure. Sturdevant's counsel could hardly expect a court to set bail for an insane person under indictment for murder in the first degree who was unable to stand trial. Sturdevant then sought a writ of habeas corpus in the Court of Appeals of the Second Appellate District, which was denied on November 17, 1977. He neglected to exhaust his remedies in the Supreme Court of Ohio to review the decision of the Court of Appeals denying the writ.

Sturdevant filed a motion in the Common Pleas Court for change of venue and suppression of evidence which was denied. He was found not competent to stand trial and ordered to Lima State Hospital for evaluation. On March 14, 1978, the Common Pleas Court held another hearing and found Sturdevant incompetent. A certificate for involuntary commitment proceedings, while the criminal case remained pending pursuant to Section 2945.381 Revised Code of Ohio, was prepared and sent to the Probate Court of Champaign County, Ohio. Sturdevant was again found incompetent and on April 3, 1978, was transferred to Dayton State Hospital, where he continues to remain on a voluntary basis. He filed a motion to dismiss the indictment which was denied. The present law suit for injunctive relief followed. The transcript of the proceedings in the district court contains 93 pages of testimony, arguments of counsel for all of the parties, and various rulings of the district judge who certainly gave the case very careful consideration in dismissing the defendants and the complaint. None of the defendants had custody of Sturdevant.

## II

### The Law

The applicable statute is 28 U.S.C. § 2283, which provides as follows:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Acts of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Congress has never expressly authorized the filing of such an action as the present case. In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the subject was given extensive treatment by the Supreme Court, which held that there is no basis for federal courts to exercise equitable jurisdiction over the state court criminal trials in the absence of irreparable injury great and immediate.

Such injury has never occurred in the present case. Sturdevant has never been tried for murdering his two young daughters. The only reason he has not been tried was because he was adjudged incompetent to stand trial. That condition still exists today after repeated examinations. If he is set free, he could commit another murder and not be responsible for it because he is insane. The federal courts ought never to be held responsible for setting free an insane person, who could not be found guilty of committing another murder.

Sturdevant's case was transferred to the Probate Court under former Section 2945.-381 Ohio Revised Code, which provided in part as follows:

In the event the Court finds a substantial probability that the accused will not be competent to stand trial in the foreseeable future, the Court shall so find by Journal Entry. The court shall cause the journal entry and any certificate filed in the case to be filed in the appropriate probate division in lieu of the affidavit and physician's certificate required under the involuntary commitment procedures of section 5122.11 to 5122.16 and sections 5123.71 to 5123.76 of the Revised Code. *The fact that the accused has been involuntarily committed in accordance with this section shall not operate as a nolle prosequi of the pending indictment* or be admissible in any manner in any subsequent criminal indictment. The prosecut-

ing attorney shall be given notice of any further proceedings in any court. If the accused is involuntarily committed by the probate division and is mentally ill or retarded and in need of placement in a maximum security psychiatric facility, the accused shall be committed to the Lima State Hospital or other maximum security facility. A person is in need of placement in a maximum security psychiatric facility if he is likely, as evidenced by a recent or past history of overt acts, to do immediate harm to others so that placement in a civil facility is not adequate to insure the safety of others. (Emphasis Added)

Philip Schneider the Prosecuting Attorney had absolute immunity in a suit for damage. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The Common Pleas and Probate Judges of Champaign County also had absolute immunity. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Sheriff simply obeyed orders of his superiors. He did nothing wrong.

In our opinion, District Judge Rubin's findings of fact were supported by substantial evidence and are not clearly erroneous and his various rulings and conclusions of law were correct. He found no bad faith on the part of any of the defendants. He relied on the decision of the Supreme Court in *Younger v. Harris, supra.* He found no violation of the Ohio speedy trial statute. Sturdevant could not be tried because of his incompetency to stand trial. Sturdevant is not in the custody of any of the defendants. The Ohio courts had complete jurisdiction to grant relief to Sturdevant, if he had a meritorious claim.

The judgment of the district court is affirmed.