**Wayne FULLER, Plaintiff–Appellant,**

v.

**Bob JOLLY;  Jo Helm;  Ray Jenkins;  Albert Newman, Defendants–Appellees.**

No. 01–6529.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before: SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

## ORDER

Wayne Fuller appeals pro se from a district court judgment that dismissed his civil rights case, filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1998, Fuller pleaded guilty to statutory rape and contributing to the delinquency of a minor, violations of Tenn.Code. Ann. §§ 39–13–506 and 37–1–156. He was sentenced to a total of ten years of imprisonment, and that sentence was affirmed on direct appeal.

The claims in Fuller's civil rights complaint involved a post-conviction action that was pending in the state trial court. He alleged that his current attorney, the state's attorneys, and the trial judge were conspiring to prevent a fair presentation of his post-conviction claims. The district court dismissed Fuller's civil rights case on October 31, 2001, and it is from this judgment that he now appeals. A de novo review of the record shows that dismissal was appropriate here because Fuller did not allege a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) *and* 1915A(b)(1).

The district court properly found that the state judge and the state's attorneys were protected by judicial and prosecutorial immunity. *See Ireland v. Tunis,* 113 F.3d 1435, 1440–47 (6th Cir.1997). Fuller now argues that the defendants were not immune from prospective injunctive relief. However, this type of relief is barred by *Younger v. Harris,* 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which held that a federal court should not enjoin a pending state criminal proceeding if it is not necessary to prevent great, immediate and irreparable injury. The *Younger* abstention doctrine should be applied if there is an ongoing state judicial proceeding that implicates important state interests and the parties have an adequate opportunity to raise constitutional challenges in that proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Fuller argues that federal intervention is justified because he may be deprived of meaningful post-conviction review in his criminal case. This speculative argument is unavailing because he has an adequate opportunity to raise his objections in a post-conviction appeal. *See Kugler v. Helfant,* 421 U.S. 117, 124–31, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975); *Palmer v. Schneider,* 699 F.2d 322, 324 (6th Cir. 1983).

Fuller alleged that the attorney appointed to represent him in his post-conviction action will not attack the credibility of his former attorney or move for the recusal of the trial judge. The district court properly found that these claims were unavailing because Fuller's attorney is not a state actor who may be liable under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Fuller now argues that his attorney was acting under color of state law by virtue of his conspiratorial relationship with the other defendants, but his allegations regarding an overarching conspiracy are wholly conclusory. *See Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir. 1996).

We have considered Fuller's other arguments and they are all unavailing.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.